# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

JAMES HILL,                                                                                          PLAINTIFF
ADC #143512

v.                                      5:16CV00015-SWW-JTK

CORRECT CARE SOLUTIONS, LLC, et al.                                       DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Susan Webber Wright. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.       Why the record made before the Magistrate Judge is inadequate.

2.       Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.       The detail of any testimony desired to be introduced at the hearing before the District

Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

### I.  Introduction

Plaintiff James Hill is a state inmate incarcerated at the Tucker Unit of the Arkansas Department of Correction (ADC). He filed this pro se action pursuant to 42 U.S.C. § 1983, alleging inadequate medical care and treatment by the Defendants. Defendant Johnson was dismissed on April 12, 2016 (Doc. No. 28), and Defendants Correct Care Solutions (CCS) and Huff were dismissed on June 2, 2016 (Doc. No. 44). The remaining Defendant is Lasonya Griswold.[1]

This matter is before the Court on Defendant Griswold's Motion for Summary Judgment, Brief in Support and Statement of Facts (Doc. Nos. 82-84). Plaintiff filed a Response, Statement of Facts, and an Affidavit in response to the Motion (Doc. Nos. 87-89).

### II.  Complaint

---

[1] Plaintiff also named as Defendants the insurance company for CCS and two John Doe employees of CCS. He has never identified or served these Doe Defendants.

Plaintiff stated that in May, 2014, he was prescribed Gabapentin and Zanaflex for pain in his right shoulder, which helped to reduce his pain about 70-80%. (Doc. No. 2, p. 3) However, in May, 2015, Defendant Griswold discontinued the two medications without arranging for an x-ray or MRI, and without a step-down plan. (Id., p. 4) Griswold told Plaintiff that the decision was out of her hands and was made pursuant to an order from a cost analyst employed by CCS, the medical care provider for the ADC. (Id.) Plaintiff's pain resumed, and a response to a grievance he filed about the issue indicated that the two medications were discontinued since he did not suffer from diabetes or other documented nerve damage. (Id.) Plaintiff claims that this decision caused him to suffer pain and constituted cruel and unusual punishment in violation of the Eighth Amendment. (Id., p. 5)

## III. Summary Judgment Motion

Pursuant to FED.R.CIV.P. 56(a), summary judgment is appropriate if the record shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. See Dulany v. Carnahan, 132 F.3d 1234, 1237 (8th Cir. 1997). "The moving party bears the initial burden of identifying 'those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.'" Webb v. Lawrence County, 144 F.3d 1131, 1134 (8th Cir. 1998) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (other citations omitted)). "Once the moving party has met this burden, the non-moving party cannot simply rest on mere denials or allegations in the pleadings; rather, the non-movant 'must set forth specific facts showing that there is a genuine issue for trial.'" Id. at 1135. Although the facts are viewed in a light most favorable to the non-moving party, "in order to defeat a motion for summary

3

judgment, the non-movant cannot simply create a factual dispute; rather, there must be a genuine dispute over those facts that could actually affect the outcome of the lawsuit." Id.

Defendant asks the Court to dismiss Plaintiff's claim against her because he has provided no proof that her actions were malicious and sadistic, or caused him unnecessary and wanton infliction of pain, as set forth in Farmer v. Brennan, 511 U.S. 825, 834 (1994), and Moody v. Proctor, 986 F.2d 239, 241-2 (8th Cir. 1993). According to the Declaration of Dr. Jeffrey Stieve, Regional Medical Director for CCS, a review of Plaintiff's medical records revealed that he was first diagnosed with tendonitis in his right shoulder by an orthopedic physician (Dr. Schock) in March, 2014 (Doc. No. 84-2, p. 1) Dr. Schock ordered an x-ray which showed that Plaintiff's shoulder was normal, and then assessed Plaintiff as suffering from arthrosis (osteoarthiritis).  (Id., pp. 1-2)  Dr. Schock prescribed Plaintiff Gabapentin, Naproxen, and Zanaflex, and directed him to treat his shoulder with warm water and exercise. (Id., p. 1) In July, 2014, after Plaintiff reported that the Zanaflex made him sleepy and that the Naproxen was not effective, his prescription was changed to a different muscle relaxant, Robaxin, and the Naproxen was changed to Meloxicam (another nonsteroidal anti-inflammatory drug). (Id., p. 2) However, later that month another medical professional changed Plaintiff's Robaxin prescription back to Zanaflex, while noting that the Meloxicam was working well for the Plaintiff. (Id.)

Plaintiff saw Dr. Schock for a follow-up in September, 2014, and prescribed an antioxidant to assist with treating his arthrosis symptoms. (Id.) In November and December, 2014, Plaintiff's prescriptions for Gabapentin and Meloxicam were renewed. (Id.) In May, 2015, Defendant Griswold saw Plaintiff pursuant to a request for renewal of his prescriptions. (Id.) She noted that he was ambulatory without difficulty and suffered from mild arthrosis, but discontinued the Zanaflex

and Gabapentin after finding that they were not drugs which were indicated for that diagnosis. (Id.)

Dr. Stieve states in his Declaration that Defendant's decision to discontinue those medications was appropriate, since mild arthrosis does not meet the medical guidelines for those medications. (Id., p. 3) He also added that at the dosage Plaintiff was taking, it was reasonable to stop both medications immediately without a need to taper. (Id.) Dr. Stieve states that Gabapentin is an inexpensive anti-seizure medication that is used to relieve nerve pain, but is highly sedative and highly sought after by inmates, and that other medications are usually offered due to the propensity for abuse. (Id.) He states that the Meloxicam that Plaintiff takes is medically appropriate and sufficient to treat his condition. (Id.) Stieve also notes that after May, 2015, Plaintiff did not report to the infirmary with complaints relating to his right shoulder or the discontinuation of those two medications, and that there is no evidence in Plaintiff's medical records that he suffered any injury caused by the discontinuance of the medications. (Id.) In conclusion, Stieve states that Defendant provided Plaintiff with appropriate care and treatment for his mild arthrosis, and nothing in his record indicates a condition requiring surgery. (Id.)

In response, Plaintiff states that Defendant was not justified in discontinuing his medications, which caused him cruel and unusual suffering when his pain returned. He claims Defendant's reason for discontinuing the medications was based solely on a costs analysis, which evidences deliberate indifference to his medical needs. He also claims that Defendant failed to provide an alternative treatment after the medications were discontinued, noting that the Meloxicam did not work well for his pain. He complains that he was never tested for nerve or muscle damage in his right shoulder and claims that he constantly complains about his shoulder pain to the prison and infirmary staff.

5

In order to support a claim for an Eighth Amendment violation, Plaintiff must prove that Defendants were deliberately indifferent to a serious medical need. Farmer v. Brennan, 511 U.S. at 834. However, even negligence in diagnosing or treating a medical condition does not constitute a claim of deliberate indifference. Estelle v. Gamble, 429 U.S. 97, 105-06 (1976). Rather, the "prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not rise to the level of a constitutional violation," Estate of Rosenberg v. Crandell, 56 F.3d 35, 37 (8th Cir. 1995). See also Smith v. Marcantonio, 910 F.2d 500, 502 (8th Cir. 1990) (holding that a mere disagreement with a course of medical treatment is insufficient to state a claim for relief under the Eighth Amendment). Furthermore, prison physicians are entitled to exercise their medical judgment, and "do not violate the Eighth Amendment when, in the exercise of their professional judgment, they refuse to implement a prisoner's requested course of treatment." Long v. Nix, 86 F.3d 761, 765 (8th Cir. 1996). An inmate who complains that a delay in medical treatment constitutes a constitutional violation must provide "verifying medical evidence" in the record to establish the detrimental effect of the delay, in order to succeed on his claim. Beyerbach v. Sears, 49 F.3d 1324, 1326 (8th Cir. 1995) (overruled in part on other grounds). Finally, "[i]n the face of medical records indicating that treatment was provided and physician affidavits indicating that the care provided was adequate, an inmate cannot create a question of fact by merely stating that [he] did not feel [he] received adequate treatment." Dulany, 132 F.3d at 1240.

In this case, Plaintiff's medical records show that he was treated for shoulder pain by several medical professionals, and that the x-rays which were taken revealed no injury. Defendant's decision to discontinue the medications (reaffirmed by Dr. Stieve) was made after assessing Plaintiff as ambulating without difficulty and after noting that the two medications were not indicated for his

diagnosis. (Doc. No. 84-1, p. 9) Although Plaintiff claims that he was not provided alternative drugs, he does not dispute that his prescription for Meloxicam was continued, but claims that it was not effective, despite a notation in his medical records to the contrary. (Doc. No. 84-1, p. 5) However, there are no notations in his medical records after May, 2015, indicating that he complained about pain in his shoulder or the discontinuance of the medications. (Id., pp. 10-20)  In fact, in the record of his chronic care visit on November 19, 2015, it is noted that Plaintiff denied any subjective complaints, and was ambulatory without assistance and in no distress.  (Doc. No. 84-1, p. 14)

Although Plaintiff claims he suffered pain as a result of the discontinuance of the medications, he provides no evidence to support that allegation, nor does he provide any evidence to show that Defendant acted with deliberate indifference to his medical needs when she discontinued the medications.  Rather, he appears to disagree with her medical decision, a decision which was supported by a physician (Dr. Stieve), and which does not support a constitutional claim for relief.  See Estate of Rosenberg v. Crandell, 56 F.3d at 37.  Therefore, "[i]n the face of medical records indicating that treatment was provided and physician affidavits indicating that the care provided was adequate," Plaintiff has not provided any evidence to support his claim of unconstitutional medical care and treatment by Defendant.  See Dulany, 132 F.3d at 1240.

## IV.    CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1)    Defendant Griswold's Motion for Summary Judgment (Doc. No. 82) be GRANTED, and Plaintiff's claim against her be DISMISSED with prejudice.

2)    Defendants Doe Corporation and John Does be DISMISSED without prejudice, for failure to serve.

7

IT IS SO RECOMMENDED this 28th day of March, 2017.

$\qquad\qquad\qquad\qquad\qquad\qquad$
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE